UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD JOHNSTON,

    Petitioner,

                                                 Case No. 14-11921
               v.              HON. TERRENCE G. BERG

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS (DKT. 1), DENYING PETITIONER'S MOTION FOR
IMMEDIATE CONSIDERATION (DKT. 11), DENYING A CERTIFICATE
OF APPEALABILITY, AND DENYING LEAVE TO
<u>PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. On January 13, 2010, Michigan prisoner Donald Johnston ("Petitioner") pleaded guilty in the Lenawee County Circuit Court to embezzling over $100,000.00. (Dkt. 9-2, p. 3.) On April 1, 2010, he was sentenced to 71 months to 20 years imprisonment and ordered to pay restitution of $389,495.00. (Dkts. 9-1, p. 1, 9-4, p. 14.) In his pleadings, he challenges his 2010 sentence by asserting that he was given a longer prison term due to his inability to pay restitution. (Dkt. 1, pp. 17-18.) Petitioner requests resentencing and any other appropriate relief. (*Id.* at 19.)

The matter is now before the Court on Respondent's motion to dismiss the petition as moot because Petitioner was appointed counsel, given a new sentencing hearing, and resentenced to 70 months to 20 years imprisonment on January 27,

2015. (Dkt. 8, pp. 1-2; Dkt. 10, p. 3); see also Offender Profile, Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=576605.

Petitioner has filed a reply to the motion (Dkt. 10), as well as a motion for immediate consideration (Dkt. 11) in which he reiterates the claims made in this petition and challenges his 2015 resentencing. For the reasons set forth, the Court agrees with Respondent that the habeas petition is moot and dismisses it on that basis. The Court also denies Petitioner's motion for immediate consideration as moot. The Court further denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I.   DISCUSSION

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, Petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g.,*

*Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

The present petition is moot and must be dismissed because, as Respondent explains, Petitioner was appointed counsel and resentenced on January 27, 2015. (Dkt. 8, pp. 1-2; Dkt. 10, p. 3) Resentencing is the relief that Petitioner requested in the instant habeas petition. (Dkt. 1, pp. 33-34.) Petitioner has now received that relief and is no longer in custody pursuant to the 2010 sentencing judgment that he challenged in this petition. (Dkt. 8, pp. 1-2.) Consequently, the instant habeas petition has been rendered moot.

Petitioner argues in his March 5, 2015 motion for immediate consideration that the January 27, 2015 resentencing did not "cure the defects" of his 2010 sentence. (Dkt. 11, p. 1-2.) The record before the Court contains no transcript from the 2015 resentencing and no other information sufficient to determine whether the alleged errors raised by Petitioner were adequately addressed in the resentencing. Whether such alleged errors persisted or not, Petitioner cannot challenge his 2015 resentencing before first pursuing the matter in the state courts on direct appeal or collateral review and fully exhausting those remedies. Petitioner's motion for reconsideration will thus also be denied as moot.

## II. CONCLUSION

For the reasons stated, there is no longer a case or controversy for the Court to resolve in this matter. Accordingly, Respondent's motion to dismiss (Dkt. 8) is

**GRANTED** and the petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED AS MOOT**. Given this determination, Petitioner's motion for immediate reconsideration (Dkt. 11) is also **DENIED AS MOOT**.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Petitioner makes no such showing.

Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is now closed.

**SO ORDERED.**

                                                s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

Dated: April 14, 2015

## Certificate of Service

I hereby certify that this Order was electronically submitted on April 14, 2015, using the CM/ECF system, which will send notification to each party.

                                          By: s/A. Chubb
                                          Case Manager